## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10159

LUKE SPENCER,

> Plaintiff - Appellant

v.

FEI, INCORPORATED,

> Defendant - Appellee

United States Court of Appeals
Fifth Circuit
**FILED**
February 15, 2018
Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2214

Before STEWART, Chief Judge, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:\*

Luke Spencer filed suit against FEI, Incorporated, alleging it had terminated his employment in violation of the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Employee Retirement Income Security Act. The district court granted summary judgment to FEI. We AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL AND PROCEDURAL BACKGROUND

FEI, Incorporated designs and fabricates conveyor systems. In 2007, FEI hired Luke Spencer as an engineering manager. Before Spencer was offered the job, he informed FEI that his wife, Jacquelyn Spencer, had a rare terminal liver disease known as primary sclerosing cholangitis that would require extensive and costly medical treatment. With that knowledge, FEI hired Spencer.

Initially, FEI provided Spencer various accommodations so he could maintain a full-time job and also take care of his wife, including permitting Spencer to have a different work schedule than his colleagues and granting his time-off requests.

While Spencer was employed at FEI, Medicare was the primary insurer for his wife's health care. It covered up to 80% of her medical expenses. FEI covered the remaining 20% but only for the first $20,000 in costs each year. Once this $20,000 cap was reached, FEI's stop-loss insurance covered the expenses. The price of FEI's insurance policy each year was impacted by its prior claim history.

In 2013, FEI experienced over a $3,500,000 decrease in its sales revenue from the prior year, causing FEI to undertake internal organizational changes. Among the changes was to terminate five of its thirty-five employees, Spencer being among the five. As reasons for Spencer's discharge, FEI cited his high salary that was not commensurate with his productivity, his poor job performance, his lack of profitability for the company, and management's lack of confidence in him.

Spencer brought this lawsuit in the United States District Court for the Northern District of Texas against FEI, alleging he was not terminated for the reasons cited by FEI but because of Mrs. Spencer's high health care costs. Spencer claimed his termination amounted to discrimination in violation of a

2

Case: 17-10159 Document: 00514379530 Page: 3 Date Filed: 03/09/2018
Case 3:15-cv-02214-C Document 35 Filed 03/09/18 Page 3 of 12 PageID 317

No. 17-10159

variety of federal and state statutes. Relevant here are Spencer's claims that FEI terminated him in violation of the Americans with Disabilities Act ("ADA"), the Texas Commission on Human Rights Act ("TCHRA"), and the Employee Retirement Income Security Act ("ERISA").[1]

FEI moved for summary judgment. In Spencer's response, he requested that any ruling on the summary judgment motion be delayed until additional discovery was obtained. *See* FED. R. CIV. P. 56(d). Spencer also filed a separate motion to compel discovery. That motion sought an order directing a nonparty, Frost Insurance Agency, to produce documents relating to health insurance plans FEI purchased through Frost and to provide a corporate representative to be deposed regarding the agency's dealings with FEI concerning the plans.

The district court granted summary judgment for FEI. It held that Spencer had not demonstrated that a triable issue of fact existed for his ADA and TCHRA claims, as he had not shown that FEI's reasons for terminating him were pretextual. The court also concluded there was no triable issue of fact on Spencer's ERISA claim because he had failed to plead how FEI acted with specific discriminatory intent when it terminated his employment.

The district court denied Spencer's motion for a delay in ruling on summary judgment and for compelling discovery, finding it was "highly unlikely that the new evidence Spencer expect[ed] to obtain . . . would be sufficient to show that [FEI] acted with pretext." The court also determined that the motion was untimely, overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and potentially violative of the rights of nonparties under the Health Insurance Portability and Accountability Act of 1996. Spencer timely appealed.

---

[1] Spencer had also asserted claims under the Family and Medical Leave Act ("FMLA") for retaliation and interference. *See* 29 U.S.C. § 2615 (2016). Spencer agreed to dismiss these claims because FEI does not have fifty or more employees. *See id.* § 2611(4)(A)(i).

No. 17-10159

## DISCUSSION

*I.   Motion to Compel*

This court reviews discovery rulings for abuse of discretion and will only reverse such rulings when they are arbitrary or clearly unreasonable. *Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 (5th Cir. 2015).

Spencer filed this lawsuit on July 2, 2015. The district court's scheduling order set the discovery deadline and trial date for January 13, 2017, and February 6, respectively. Spencer waited until November 17, 2016, which was after FEI had filed its motion for summary judgment, to serve his first deposition subpoenas on Frost. Spencer then waited until December 2 to serve a notice of deposition. The district court quashed the deposition and subpoenas on December 15 because they sought to compel testimony and document production from Melissa Jenkins, a nonparty and the Frost insurance agent through whom FEI purchased its health insurance plans, on a date when Jenkins' counsel had previously told Spencer that he and Jenkins were not available for a deposition.

"Consistent with the authority vested in the trial court by [R]ule 16, our court gives the trial court 'broad discretion to preserve the integrity and purpose of the [scheduling] order.'" *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Given the imminence of trial, the impending discovery deadline, and Spencer's failure to make an earlier request for the deposition and production of documents, the district court did not abuse its discretion in denying Spencer's motion to compel. *See, e.g., Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992).

## II. *Summary Judgment*

We review an order granting summary judgment *de novo* and apply the same standard as the district court. *SCA Promotions, Inc. v. Yahoo!, Inc.*, 868 F.3d 378, 381 (5th Cir. 2017). Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This court "view[s] all facts and evidence in the light most favorable to the non-movant." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 68 (5th Cir. 2014).

Summary judgment should be granted to a defendant who demonstrates that the plaintiff has offered no evidence on an issue for which it has the burden of proof, unless the plaintiff's response to the motion is to produce sufficient evidence to support a finding in its favor on that issue. *Id.*

We consider Spencer's ADA and TCHRA claims together and then address his ERISA claim.

### A. *Associational discrimination under the ADA and TCHRA*

FEI accepts that Mrs. Spencer's illness qualifies her under the two relevant statutes as having a "disability." For purposes of this case, we accept that concession. Employers are prohibited under the ADA from taking adverse employment action "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4) (2016). Under the TCHRA, an "employer commits an unlawful employment practice if because of . . . disability . . . [it] discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LAB. CODE § 21.051(1). The TCHRA "is modeled after federal civil rights law . . . [and] purports to correlate 'state law with federal law in the area of discrimination in employment.'" *NME Hosps., Inc. v.*

*Rennels*, 994 S.W.2d 142, 144 (Tex. 1999) (quoting *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991)).

"In a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)[.]" *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Both parties submit that the *McDonnell Douglas* burden-shifting analysis applies to the present claims. Accordingly, we apply it here.

Spencer must first establish a *prima facie* case of discrimination. *Id.* If he does, the burden shifts to FEI to articulate a "legitimate, nondiscriminatory reason" for terminating Spencer. *Id.* If FEI presents such a reason, Spencer must then show by a preponderance of the evidence that FEI's reason is pretext for discrimination. *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998).

We agree with a prior opinion that this court has not "explicitly recognized a cause of action for discrimination based on association with a handicapped individual, nor have we described what such a claim requires." *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505 F. App'x 376, 380 n.1 (5th Cir. 2013). If such an action were viable, a "*prima facie* case of associational discrimination would require that the Plaintiff show (1) her qualification for the job, (2) an adverse employment action, (3) the employer's knowledge of the employee's disabled relative, and (4) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action." *Id.* at 380. Similar to other panels of this court addressing the unsettled viability of associational discrimination claims, we assume without deciding that Spencer

6

has presented sufficient evidence to support a *prima facie* case of discrimination. *Id.* at 380–81.

In the district court, Spencer conceded that the reasons FEI offered were facially legitimate and nondiscriminatory. FEI included noneconomic reasons such as Spencer's limited productivity, his inability to process jobs that could be used in manufacturing, his untimely completion of projects, and management's lack of confidence in him. Those factors combined with a downturn in FEI's sales in 2013. Following the downturn, FEI decreased the number of its employees from 35 to 30, a reduction that included Spencer. FEI has not hired anyone to replace Spencer. These noneconomic and economic reasons are sufficient to shift the burden back to Spencer. A reduction in force "is itself a legitimate, nondiscriminatory reason for discharge." *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).

Thus, the burden shifted back to Spencer to show by a preponderance of the evidence that FEI's reasons were pretextual. That means either that (1) FEI's reasons were false or (2) FEI's reasons, while true, were but only some of the reasons for its conduct, another operative reason being Spencer's protected characteristic. *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). Spencer argues he has shown pretext by asserting that each of FEI's noneconomic reasons for firing him are false and that Duane Murray, FEI's owner, had no personal knowledge of these reasons.

In support of his first contention, Spencer relies solely on his self-serving affidavit. A self-serving affidavit alone, though, will not defeat a motion for summary judgment. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 n.49. (5th Cir. 2005).

As to Spencer's second contention, FEI's owner Duane Murray testified that he acquired personal knowledge through the complaints he received regarding Spencer's work. Regardless, Spencer has cited no authority that an

7

Case: 17-10159   Document: 00514379530   Page: 8   Date Filed: 03/09/2018
Case 3:15-cv-02214-C Document 35 Filed 03/09/18 Page 8 of 12 PageID 322

No. 17-10159

owner of a business must have first-hand personal knowledge of the reasons for firing an employee in order for those reasons to be legitimate and nondiscriminatory. Spencer's direct supervisor was David Murray, whose testimony supports each of FEI's noneconomic reasons for firing Spencer.

Spencer questions the legitimacy of FEI's economic reason for terminating his employment by contending the alleged loss of sales in 2013 was really "a move back to equilibrium after an unusual year based on an unusual need from a particular customer." The record reflects that FEI's sales experienced a peak in 2012, as its sales totaled $5,002,625 in 2010; $7,075,215 in 2011; $11,054,126 in 2012; $7,388,155 in 2013; $8,026,590 in 2014; and $7,322,020 in 2015. Duane Murray acknowledged in his deposition testimony that 2012 was "an exceptional year." According to Spencer, the annual trend in FEI's sales before and after 2012 shows that FEI needed him before the "bubble of 2012" and would need him just as much after.

Even if FEI's sales in 2013 were a return to normalcy, this fact does not create a triable fact issue as to whether FEI's economic reason for firing Spencer was false. To show pretext, Spencer must do more than cast doubt on whether FEI had just cause for terminating him; rather, he must show that a reasonable factfinder could conclude that FEI's reasons are unworthy of credence. *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir. 1993).

Prior to 2012, FEI generally had about 30 employees. In 2012, the year reflecting FEI's highest sales, it had 35 employees. When FEI's sales decreased the next year, by more than $3,500,000, it decreased its workforce to 30 employees. Since the peak year in 2012, FEI has maintained around 30 employees. Under these facts, a reasonable fact finder could not conclude that FEI's economic reason for terminating Spencer is unworthy of credence. That FEI's sales may have returned to equilibrium in 2013 is insufficient to show that FEI's economic reason for terminating Spencer was pretextual.

No. 17-10159

Spencer has presented insufficient evidence on the issue of whether FEI's otherwise legitimate and nondiscriminatory reasons for terminating his employment were simply a pretext. Summary judgment dismissing Spencer's claims under the ADA and the TCHRA was properly granted.

### B. Associational discrimination under ERISA

It is unlawful under ERISA for any person to discharge a participant or beneficiary for exercising "any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. Here too, the parties submit that the *McDonnell Douglas* analysis applies to Spencer's ERISA claim. The Fifth Circuit cases cited by the parties, though, did not apply *McDonnell Douglas* to ERISA claims.[2] We do find one nonprecedential opinion that did so. *See Tisdale v. Woman's Hosp.*, 191 F. App'x 255, 257 (5th Cir. 2006).

It is at least clear that to establish a *prima facie* case under Section 510 of ERISA, a plaintiff must prove that the defendant acted with "specific discriminatory intent." *See, e.g., Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). Spencer's complaint and his response to FEI's motion for summary judgment are without any argument concerning how FEI acted with specific discriminatory intent.

On appeal, Spencer asserts for the first time that such intent "may be shown through circumstantial evidence using the *McDonnell Douglas* framework." He did not, though, present this argument to the district court in its consideration of FEI's motion for summary judgment. "Although on summary judgment the record is reviewed *de novo*, this court . . . will not

---

[2] *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 423 (5th Cir. 2007); *Rogers v. Int'l Marine Terminals Inc.*, 87 F.3d 755, 761 (5th Cir. 1996); *Parker v. Cooper Tire & Rubber Co.*, 546 F. App'x 522, 526 (5th Cir. 2014).

9

consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310 (5th Cir. 2017) (quoting *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013)).

Even if Spencer had presented this argument to the district court, summary judgment on the ERISA claim would still have been warranted. Spencer did not show that FEI's nondiscriminatory reasons for terminating him were pretextual. *See, e.g.*, *Stafford*, 123 F.3d at 295.

### III. Rule 56(d)

"We review a denial of a Rule 56(d) motion for abuse of discretion." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014). "Rule 56(d) motions are 'broadly favored and should be liberally granted.'" *Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The Rule 56(d) movant must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (citation and quotations omitted). "If the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)." *Id.* (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

Because Spencer was not diligent, we need not address whether he has shown why he needed additional discovery to create a genuine issue of material fact. *Beattie*, 254 F.3d at 606. From the date of filing his lawsuit, Spencer waited for over a year to serve his first deposition subpoenas on Frost. In addition, Spencer filed his Rule 56(d) motion over a month after FEI filed its motion for summary judgment and less than a month before the discovery deadline. Spencer's lack of diligence in pursuing discovery precludes him from

acquiring relief under Rule 56(d). *See, e.g.*, *id.* The district court did not abuse its discretion in denying Spencer's Rule 56(d) motion.

    AFFIRMED.

## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 09, 2018

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 17-10159   Luke Spencer v. FEI, Incorporated
                           USDC No. 3:15-CV-2214

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Roeshawn A. Johnson, Deputy Clerk
                                504-310-7998

cc:
    Mr. David Bryan Norris
    Mr. Roy Michael Northrup
    Mr. Brian Paul Sanford